```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

KEVIN GROS OFFSHORE, LLC                          CIVIL ACTION

VERSUS                                            NO: 15-355

J. BRADY MARINE, LLC                              SECTION: R(4)


**ORDER AND REASONS**

Plaintiff Kevin Gros Offshore, LLC moves for summary judgment under Federal Rule of Civil Procedure 56.[1] Defendant J. Brady Marine, LLC does not oppose the motion. For the following reasons, the Court grants the motion.


**I.   BACKGROUND**

Plaintiff Kevin Gros Offshore, LLC, (Gros Offshore) filed this breach of contract suit against defendant J. Brady Marine, LLC, (Brady Marine) on February 5, 2015.[2] The facts, as established by the summary judgment record, are as follows.

On July 25, 2013, Gross Offshore and Brady Marine entered into a Bareboat Charter agreement regarding the M/V TRADEWIND.[3] The charter agreement made Gros Offshore, as charterer, responsible for

---

[1] R. Doc. 11.

[2] R. Doc. 1.

[3] R. Docs. 1 at 2, 1-1 at 4. "A 'charter' is an arrangement whereby one person (the 'charterer') becomes entitled to the use of the whole of a vessel belonging to another (the 'owner')." *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993).

employing the vessel's master, officers, and crew, but that Brady Marine, as owner, would reimburse Gros Offshore for the crew's payroll and other expenses.[4] If Brady Marine failed to reimburse Gros Offshore for crew payroll or expenses within four days, interest began to accrue at a rate of 0.051 percent per day.[5] In addition, the charter agreement obligated Brady Marine to reimburse Gros Offshore for all operating expenses and other expenses of the vessel.[6] If Brady Marine failed to reimburse Gros Offshore for any of these "other" expenses within fifteen days, interest began to accrue at a rate of 0.051 percent per day.[7]

Over the course of the contract period, Gros Offshore submitted various invoices for crew and other expenses, but Brady Marine failed to pay.[8] Brady Marine attempted to pay Gros Offshore for part of the balance due with a check on three different occasions; each check was returned to Gros Offshore with a notice of insufficient funds.[9] To date, the balance remains unpaid.[10]

---

[4] R. Doc. 1-1 at 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] R. Doc. 1 at 3.

[9] R. Docs. 11-1 at 1, 11-5.  One check was written in the amount of $100,000; the other two, $50,000.  R. Doc. 11-5.

[10] R. Docs. 11-1 at 2, 11-7 at 2.

According to Gros Offshore's calculations, Brady Marine owes Gros Offshore a total of $306,157.99, plus interest in the amount of 0.051 percent per day as specified in the charter agreement.[11]

Gros Offshore moved for summary judgment under Rule 56 on March 26, 2015.[12]  The motion is unopposed.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23(1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or

---

[11]   R. Docs. 11-1 at 2, 11-7 at 2.  Gros Offshore's memorandum in support of its summary judgment motion and accompanying statement of uncontested material facts incorrectly assert an interest amount of 0.51 percent per day; the contract clearly states that interest "accru[ed] at the rate of .051% per day."  R. Doc. 11-2 at 1.

[12]   R. Doc. 11.

conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); see also *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the movant will bear the burden of proof at trial, the movant "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish

4

a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**III. DISCUSSION**

    **A.    Liability**

When parties specify what law applies in a contractual agreement, courts should generally give effect to that choice. *Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F. 3d 349, 355 (5th Cir. 2004). Here, Gros Offshore and Brady Marine agreed that their contract is governed by general maritime law.[13] Without any evidence that the contract is invalid, the Court will effectuate the parties' choice-of-law provision and apply maritime law. *See id.*

Like other contracts, "a maritime contract should be read as a whole and its words given their plain meaning unless the provision is ambiguous." *Brown v. Sea Mar Mgmt., LLC*, 288 F. App'x 922, 924 (5th Cir. 2008). If a contract's language as a whole "is clear, explicit, and leads to no absurd consequences . . . it can

---

    [13]    R. Doc. 11-2 at 4.

be given only one reasonable interpretation." *Chembulk Trading LLC v. Chemex Ltd.*, 393 F.3d 550, 555 n.6 (5th Cir. 2004) (citing *Mobil Exploration & Producing v. A-Z/Grant Int'l Co.*, 1993 AMC 1137 (E.D. La. 1992)).

The relevant provisions of the Bareboat Charter agreement read as follows:

> Charterer [Gros Offshore] shall invoice Owner [Brady Marine] for crew payroll . . . and Owner shall remit reimbursement to Charterer by wire transfer within four (4) banking days of the payroll statement . . . . Interest will begin to accrue at a rate of .051% per day after four (4) days. . . . All other expenses of the vessel . . . and all operating expenses including insurance, maintenance, repairs, and consumables, shall be invoiced monthly with payment due within fifteen (15) days. Interest will begin to accrue on Charterer's invoices for all expenses other than crew wages if said invoices are delinquent by more than fifteen (15) days, with interest accruing at the rate of .051% per day.[14]

The language of the parties' contract is clear and unambiguous. Brady Marine, as owner of the M/V TRADEWIND, owed reimbursement to Gros Offshore for crew wages and various other expenses. Gros Offshore asserts, and provides supporting evidence to demonstrate, that it submitted monthly and semi-monthly invoices for expenses to Brady Marine under the contract.[15] Moreover, Brady Marine essentially acknowledged that it owed money to Gros Offshore by sending checks executed in amounts roughly similar to Gros

---

[14]   *Id.* at 1.

[15]   R. Docs. 11-1 at 1, 11-3, 11-4.

Offshore's total invoices at that point in time.[16]  Gross Offshore also submits an affidavit signed by its company president, Kevin Gros.[17]  Mr. Gros represents that the balance Brady Marine owes to Gros Offshore is $306,157.99 plus interest.[18]

In sum, Gros Offshore has provided ample evidence of Brady Marine's indebtedness under the charter agreement.  Brady Marine offers no contrary evidence and does not oppose the motion.  In light of Brady Marine's failure to oppose the motion, the Court accepts as undisputed Brady Marine's liability for the outstanding debt as reflected in the uncontradicted record.  Accordingly, the Court grants summary judgment in favor of Gros Offshore.

**B.  Damages**

On the basis of the uncontradicted record, Gros Offshore is entitled to $306,157.99 plus pre- and post-judgment interest.

"[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception[.]"  *Sea Link Cargo Servs. Inc. v. Marine Ctr. Inc.*, 380 F. App'x 460, 464 (5th Cir. 2010).  Courts may deny pre-judgment interest only when "peculiar circumstances would make such an award inequitable."  *Id.* (citing *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 204 (5th Cir. 1995)).  A district court has broad discretion in setting the

---

[16]   R. Doc. 11-5.

[17]   R. Doc. 11-6.

[18]   *Id.* at 2.

pre-judgment interest rate and may look to state law or "other reasonable guideposts indicating a fair level of compensation." *Marine Overseas Servs., Inc. v. Crossocean Shipping Co., Inc.*, 791 F.2d 1227, 1236 (5th Cir. 1986) (quoting *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985)). Pre-judgment interest runs from the date of injury to ensure that the injured party is fully compensated. *Sea Link Cargo*, 380 F. App'x at 464 (citing *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995)) (finding that the plaintiff was injured by the defendant freely using what was in essence the plaintiff's money instead of paying for daily charter hire).

Post-judgment interest is governed by federal statute, 28 U.S.C. § 1916(a). Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield[.]" *Celtic Marine Corp. v. James C. Justice Co., Inc.*, 593 F. App'x 300, 305 (5th Cir. 2014) (quoting *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456-57 (5th Cir. 2013)). Parties may validly agree to a different post-judgment interest rate, but the contractual agreement must be "clear, unambiguous, and unequivocal." *Id.* (quoting *Tricon Energy*, 718 F.3d at 458-59).

The record in this case does not reveal any peculiar circumstances that would make an award of pre-judgment interest inequitable. Relying on the parties' contractual provision

8

stipulating the amount of interest that accrues in the event of delinquency, the Court finds that an award of pre-judgment interest in the amount of 0.051 percent is appropriate.[19]  The contract also reflects the relevant dates of injury, which are the dates Gros Offshore was entitled to reimbursement.  Brady Marine agreed to pay crew expenses within four days and other expenses within fifteen days of receiving Gros Offshore's invoices.[20]  Yet, each invoice went unpaid.[21]  Brady Marine's multiple contractual breaches resulted in repeated injury because Brady Marine freely used the money it owed rather than submitting proper reimbursement.  *See Sea Link Cargo*, 380 F. App'x at 464.  Consequently, the date of injury varies depending on the nature of the unpaid expense.  Therefore, Gros Offshore is entitled to prejudgment interest in the amount of 0.051 percent, which began accruing four days after each delinquent crew expenses invoice and fifteen days after each delinquent other expenses invoice.  This stipulated rate of interest runs until the entry of judgment.

Because the parties' contract does not even purport to specify a post-judgment interest rate, the Court awards post-judgment interest as provided in 28 U.S.C. § 1961.

---

[19]   R. Doc. 11-2 at 1.

[20]   *Id.*

[21]   R. Docs. 11-3, 11-4, 11-5.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Kevin Gros Offshore, LLC's motion for summary judgment.[22] IT IS ORDERED that Gros Offshore submit within ten (10) days of entry of this order a proposed judgment consistent with this order reflecting the total amount of damages, including interest due.

New Orleans, Louisiana, this __29th__ day of June, 2015.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22]   R. Doc. 11.